JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>                   Plaintiff,<br><br>v.<br><br>JAMIE CRITCHLOW, JESSICA CRITCHLOW, STEPHEN LANE AS EXECUTOR OF THE ESTATE OF MICHAEL HERBERT LANE,<br><br>                   Defendants. | CASE NO: SACV 12-2226 JVS (ANx)<br><br>JUDGMENT |

1

1         This is an interpleader action filed by Guardian Life Insurance Company of America ("Guardian") against Jamie Critchlow and Jessica Critchlow ("Critchlows") concerning the proceeds of an insurance policy procured from Guardian by the employer of Michael Herbert Lane ("decedent").  (Docket No. 1.)  Subsequesntly, Stephen J. Lane, as the executor of decedent's estate ("Executor"), was joined as a defendant.  (Docket Nos 20, 21.)

        Guardian deposited the insurance proceeds into Court, and on September 20, 2013, the Court discharged Guardian.  (Docket No. 39.)

        The Executor and the Critchlows appeared *pro se*, and filed informal documents outlining the basis for their claims. (Docket No. 36, 38)  The Critchlows' filing also purported to assert a claim by Debra Critchlow.  Neither Critchlow appeared at the Pretrial Conference, and the Court issued an order show cause why their pleadings should not be stricken, and continued the Pretrial Conference. (Docket No. 41.)   At the continued Pretrial Conference only Jessica Critchlow appeared.  The Court struck the pleading of the Debra Critchlow, but should also should have stricken the pleading of Jamie Critchlow for failure to participate in the pretrial conference process.  (<u>See</u> Docket Nos. 43.)

        The matter proceeded as a bench trial scheduled for 8:30 a.m., December 17, 2013.  Because only the Executor was present at 8:30 a.m., the Court did not take the bench until 8:45.

The Executor presented his case including a packet of documents. The Court orders the packet filed as Executor's Exhibit 1. The only document which the Court receives is tab 5, a file endorsed copy of the state court order issuing Letters Testamentary to Stephen J. Lane, naming him as executor of the decedent's estate. The document is sufficient for the Court to take judicial notice that Lane is the executor of the estate. (Fed. R. Evid. 201.)

The Court makes the following findings of fact.

1. There is no evidence before the Court that the decedent signed a designation of beneficiary.[1] However, on the basis of Guardian's unrebutted allegations in the complaint, the Court finds that the decedent's employer did in fact cause Guardian cover the decedent with life insurance in the face amount of $25,000. (Complaint, ¶ 17.)

2. The Executor is the duly appointed executor of the estate of the decedent.

3. No other claim supported by evidence is before the Court.

---

[1] The Executor offered hearsay statements that the decedent's boss had signed a designation of beneficiary after the decedent's death. The Court declined to consider the hearsay. In any event, the purported designation was not presented to the Court.

1      4. The Executor has prove his claim by a preponderance of the
2  evidence.

4      The Court adopts the following conclusions of law.

6      1. A claimant in an interpleader action must prove his claim by a
7  preponderance of the evidence.  Rhodes v. Casey, 196 F.3d 592, 600 (5th Cir.
8  1999); Wright Miller & Kane, Federal Practice and Procedure: Civil 3d § 1714 at
9  p. 629.

11     2. The Executor has established his claim by virtue of his
12  appointment by a preponderance of the evidence.

14     3. The Executor is entitled to the interpled funds.

16     After the Court announced Judgment in favor of the Executor from the
17  bench, the Critchlows appeared. The Court declined to reopen the matter. Jessica
18  Critchlow advised the Court that she had evidence of funeral and other expenses
19  which the Critchlows had paid on behalf of the decedent. The Court advised that
20  this was not part of the interpleader, and suggested that they take up any claim for
21  reimbursement with the Executor. The Court advised the Critchlows that they
22  were free to seek post-trial relief once the Judgment was entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Clerk shall disburse the interpled funds, including any interest thereon, to the Executor.

2. All other claimants shall take nothing.

Dated: December 17, 2013

_____
James V. Selna
United States District Judge

CC:   FISCAL SECTION

5